UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

In re:

LAWRENCE & DANIELLE BRANNON,  Case No. 12-03086-MAM-13

    Debtors.

DANIELLE BRANNON,

    Plaintiff,

v.  Adv. Proc. No. 12-00114

CHUCK STEVENS AUTOMOTIVE, INC.

    Defendant.

**ORDER DENYING CHUCK STEVENS AUTOMOTIVE, INC.'S MOTION TO DISMISS**

    Judson E. Crump, Attorney for the Debtor, Mobile, Alabama
    Steven P. Savarese, Jr., Attorney for Chuck Stevens Automotive, Inc., Daphne, Alabama

This case is before the court on Chuck Stevens Automotive, Inc.'s motion to dismiss. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. The Court has the authority to enter a final order pursuant to 28 U.S.C. § 157(b)(2). For the reasons indicated below, Chuck Stevens Automotive, Inc.'s motion to dismiss is DENIED.

FACTS

On November 15, 2013, Debtor Danielle Brannon ("Plaintiff") filed an adversary proceeding naming Check Stevens Automotive, Inc. ("Defendant") as defendant. The facts, as alleged in the Debtor's complaint, are reproduced verbatim below:

1

1. Defendant is a domestic corporation engaged in the business of buying, selling, and servicing automobiles whose principal place of business is 1100 US Hwy 31, Bay Minette, AL 36507. The Defendant is a creditor in this case.

2. Plaintiff is a resident citizen of Baldwin County, Alabama and is over the age of nineteen.

3. Plaintiff, with her husband, filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on September 7, 2012.

4. At some point prior to that, Plaintiff had incurred an unsecured debt to Defendant.

5. Plaintiff listed the debt on Schedule F of her bankruptcy petition and notified Defendant of her bankruptcy filing.

6. Defendant had actual knowledge of Plaintiff's bankruptcy filing. Defendant did not appear at Plaintiff's Meeting of Creditors and did not object to her discharge.

7. On or about October 28, 2012, Plaintiff went to a local bank to conduct personal business.

8. While standing in line awaiting the teller, Plaintiff was confronted by one Chad Bartz, a managerial employee of Defendant.

9. Defendant, through Bartz, informed Plaintiff that she needed to meet with Defendant to discuss her debt with them.

10. Plaintiff reminded Defendant that she had filed bankruptcy and that all of her debts to Defendant were subject to the bankruptcy filing.

11. Defendant's agent then indicated that he recognized the bankruptcy filing, and voiced his opinion that Plaintiff's bankruptcy proceeding was working an injustice on the Defendant.

12. Numerous times during the conversation, Plaintiff reminded Defendant of her bankruptcy filing and requested that Defendant cease bothering her about the unpaid debt in public.

13. Despite Plaintiff's requests, Defendant's agent continued to harangue Plaintiff about her unpaid debt to Defendant.

14. Defendant's comments to Plaintiff were loud and carried through the entire building, in which were several people known to the Plaintiff.

15. After several minutes of verbal abuse, Plaintiff ran out of the building. Plaintiff was naturally very upset and humiliated by her treatment at the hands of Defendant.

16. At all times, Defendant's agent was acting on behalf of Defendant and in pursuit of Defendant's financial benefit.

17. Defendant's intent was to use this public humiliation to coerce Plaintiff into paying money to the Defendant.

18. Defendant's illegal collection attempts have created significant damage in Plaintiff's relationships with people in her small community, as well as time spent to attempt to stop the contemptuous behavior out-of-court, emotional stress and needless anxiety.

LAW

To survive a motion to dismiss for failure to state a claim upon which relief can be granted, a complaint must contain sufficient factual allegations to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The asserted claim must state facts demonstrating the facial plausibility of a cause of action such that a court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In assessing the merits of a Rule 12(b)(6) motion, the Court

3

Case 12-00114    Doc 12    Filed 01/22/13    Entered 01/22/13 15:50:36    Desc Main
Document    Page 3 of 6

must assume that all factual allegations set forth in the complaint are true. *See, e.g. Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 n.1 (2002). Because all factual allegations are taken as true, the failure to state a claim for relief presents a purely legal question. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1269 n.19 (11th Cir. 2009).

In this case, the Plaintiff alleges that the Defendant willfully violated the automatic stay pursuant to 11 U.S.C. § 362(k). The Defendant argues that the Plaintiff's complaint should be dismissed pursuant to Bankruptcy Rule of Procedure 7012(b) because the Plaintiff did not provide the Defendant with the formal notice detailed in 11 U.S.C. § 342(c).[1] The Defendant alleges that although the Plaintiff scheduled a claim in her petition in its favor, the address that the Plaintiff designated for the Defendant was incorrect. The Plaintiff's mistake, according to the Defendant, prevented the Defendant from receiving proper notice, thus precluding a meritorious § 362(k) action because "[t]here can be no violation of the automatic stay if [the] creditor was not given actual notice of the filing of the petition." *In re Diaz Rodriguez*, 357 B.R. 691, 696 (Bankr. D.P.R. 2006).

The Plaintiff concedes that the address that it scheduled for the Defendant's claim was incorrect. However, the Plaintiff argues that she provided actual notice of her bankruptcy to a managerial representative of the Defendant, effectively putting the Defendant on notice of the automatic stay. The bankruptcy court in *In re Kanipe*, 293 B.R. 750, 755 (Bankr. E.D. Tenn. 2002), considered whether a debtor's failure to correctly schedule a creditor's address precluded

---

[1] The Defendant also cites 11 U.S.C. § 342(g) as support for his assertion that formal notice is necessary for an automatic stay violation claim. Section 342(g) does not apply here for several reasons. One reason is that § 342(g)'s provisions refer to a situation where a creditor has contacted the bankruptcy court or the debtor and requested that all "Code-required" notices be sent to a specific address or individual pursuant to 11 U.S.C. §§ 342(e) or (f). *In re Harvey*, 388 B.R. 440, 446 (Bankr. D. Me. 2008). There are no facts before the court indicating that the Defendant accomplished the actions detailed in §§ 342(e) or (f), or, even if Defendant did, whether such actions would make the actual notice that Defendant received from Plaintiff ineffective.

the creditor from receiving adequate notice for purposes of an alleged § 362 violation. The court held that the creditor did not receive sufficient notice of the bankruptcy filing because of the incorrect address. However, the court noted that if the creditor had actual knowledge of the debtor's bankruptcy filing despite the incorrect address, then that notice would be sufficient to support the stay violation action. This court agrees with the *Kanipe* court that actual notice of the bankruptcy filing, although not formal notice, is sufficient for § 362 purposes. *See also In re Lile*, 103 B.R. 830, 836 (Bankr. S.D. Tex. 1989) ("Once notice of the bankruptcy filing is received, a creditor is subject to all of the Code's provisions regarding the automatic stay."); *In re Stucka*, 77 B.R. 777 (Bankr. C.D. Cal. 1987) ("Such notice may be oral or written, and may be given by any means and in any manner.").

Therefore, the issue in this case is whether the Defendant had actual notice of the Plaintiff's bankruptcy filing. As this is a motion to dismiss, the Court is required to take the factual allegations in the Plaintiff's complaint as true. The Plaintiff's complaint alleges that on October 28, 2012 she went to a local bank and was confronted by Defendant's managerial employee Chad Bartz. The Plaintiff alleges that she told Bartz that she had filed bankruptcy and "that all of her debts to Defendant were subject to the bankruptcy filing." According to the complaint, Bartz indicated that "he recognized the bankruptcy filing, and voiced his opinion that Plaintiff's bankruptcy proceeding was working an injustice on the Defendant." Bartz' oral receipt of notice of the Plaintiff's bankruptcy filing as a managerial employee of Defendant is sufficient to impute knowledge of the bankruptcy filing to Defendant. *In re Manzanares*, 345 B.R. 773, 785 (Bankr. S.D. Fla. 2006) (notice of bankruptcy filing sent to subrogation attorney for State Farm who subsequently forwarded notice to State Farm subrogation representative was sufficient actual knowledge for 11 U.S.C. § 523 purposes). Taking the allegations of the

5

complaint as true, it is clear that the Defendant had actual notice of the Plaintiff's bankruptcy filing. This is sufficient notice to state a claim under § 362.

THEREFORE IT IS ORDERED

1. Defendant Chuck Stevens Automotive, Inc.'s motion to dismiss is DENIED.

2. This adversary proceeding is set for trial on February 26, 2013 @ 10:00 a.m.

Dated: January 22, 2013

/s/ Margaret A. Mahoney
MARGARET A. MAHONEY
CHIEF U.S. BANKRUPTCY JUDGE